IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANAEL NYAMEKYE, | No. 4:23-CV-01541 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| U.S. IMMIGRATION and CUSTOMS ENFORCEMENT, | |
| Respondent. | |

MEMORANDUM OPINION

APRIL 30, 2024

Petitioner Nathanael Nyamekye is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. Nyamekye commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks immediate release from detention or a bond hearing. For the reasons that follow, the Court will deny Nyamekye's Section 2241 petition without prejudice.

I.  **BACKGROUND**

Nyamekye is a citizen and native of Ghana.[1] He became a lawful permanent resident of the United States via adjustment of status on January 25, 2012.[2] In July

---

[1]  *See* Doc. 2 at 3; Doc. 11-1 at 4, 5.
[2]  Doc. 11-1 at 5; Doc. 11-2 at 2.

2017, Nyamekye was charged in the United States District Court for the Western District of Pennsylvania with transactional money laundering, in violation of 18 U.S.C. § 1957(a).[3] In October 2017, a superseding indictment was filed charging Nyamekye (and other codefendants) with conspiracy to commit money laundering, 18 U.S.C. § 1956(h), and transactional money laundering, 18 U.S.C. § 1957(a).[4] In November 2019, following a bench trial, Nyamekye was found guilty on both counts in the superseding indictment[5] and, on May 28, 2020, he was sentenced to 57 months' incarceration.[6]

On January 26, 2022, near the end of his federal sentence, Nyamekye was charged as removable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony, and an immigration detainer was lodged against him.[7] Five days later, ICE officers took custody of Nyamekye and transferred him to Moshannon Valley Processing Center.[8] That same day, ICE served him with a notice to appear for removal proceedings.[9]

On March 30, 2022, Nyamekye filed a Form I-485 ("Application to Register Permanent Residence or Adjust Status"), and a Form I-589 ("Application for

---

[3] Doc. 11-1 at 21.
[4] *See id.*; *United States v. Shitu*, No. 2:17-CR-192, Doc. 45 (W.D. Pa. Oct. 5, 2017).
[5] *See Shitu*, No. 2:17-CR-192, 11/8/2019 Docket Entry (W.D. Pa. Nov. 8, 2019).
[6] *See* Doc. 11-1 at 8-10.
[7] *See id.* at 5, 7; Doc. 11-2 at 6-8.
[8] *See* Doc. 11-2 at 1.
[9] *See id.* at 1-5.

Asylum and for Withholding of Removal").[10]  On September 23, 2022, following a hearing, an immigration judge found Nyamekye removable and denied his application for adjustment of status.[11]  On January 11, 2023, another immigration judge conducted an individualized removal hearing.[12]  Eight days later, that immigration judge denied Nyamekye's application for asylum, withholding of removal under the INA, and protection under the Convention Against Torture and ordered him removed to Ghana.[13]

Nyamekye appealed to the Board of Immigration Appeals (BIA).[14]  On May 24, 2023, the BIA found no error in the immigration judges' decisions and dismissed his appeal.[15]  Nyamekye then filed a petition for review of the BIA's dismissal with the United States Court of Appeals for the Fourth Circuit.[16]  On July 18, 2023, the Fourth Circuit temporarily stayed Nyamekye's removal,[17] but then lifted that temporary stay on July 28, 2023, denying Nyamekye's motion to stay removal during his appeal.[18]  Nyamekye's petition for review of the BIA's dismissal remains pending in the Fourth Circuit.[19]

---

[10]  *See* Doc. 11-3 at 2.
[11]  *See id.* at 12.
[12]  *See* Doc. 11-5 at 2.
[13]  *See id.* at 2, 6-11.
[14]  *See* Doc. 11-6.
[15]  *See id.* at 3, 8.
[16]  *See generally Nyamekye v. Garland*, No. 23-1747 (4th Cir.).
[17]  *See* Doc. 11-7.
[18]  *See* Doc. 11-8 at 1.
[19]  *See generally Nyamekye v. Garland*, No. 23-1747 (4th Cir.).

In December 2022, while detained at Moshannon Valley Processing Center and seeking relief through the immigration court, Nyamekye filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania, seeking an individualized bond hearing due to his 11-month detention under 8 U.S.C. § 1226(c).[20] That petition was eventually granted on May 4, 2023, and the government was ordered to provide Nyamekye with an individualized bond hearing before an immigration judge within seven to ten days of the order.[21]

On May 10, 2023, Nyamekye received an individualized bond hearing before an immigration judge.[22] The immigration judge denied bond, finding that Nyamekye represented a "[d]anger to the community and flight risk."[23]

Nyamekye filed his second Section 2241 petition in this Court in September 2023, this time seeking "immediate release from ICE custody."[24] Respondent timely responded to the petition.[25] Nyamekye did not file a traverse. However, on April 5, 2024, he filed a motion for a temporary restraining order (TRO), which alleges that he has moved to reopen his proceedings in the BIA but does not

---

[20] *See generally* Doc. 11-10.
[21] *See* Doc. 11-12 at 4.
[22] *See generally* Doc. 11-13.
[23] *Id.* at 3.
[24] *See generally* Docs. 1, 2; *see* Doc. 1 at 7. At the time of filing, Nyamekye was detained in Pike County Correctional Facility, located in Lords Valley, Pennsylvania, and situated in the Middle District of Pennsylvania. *See* Doc. 1 at 1. He has since been transferred back to Moshannon Valley Processing Center. *See* Doc. 14.
[25] *See generally* Docs. 10, 11.

currently have a stay of removal in place, avers the he is still being detained by ICE, and requests that he "be given a Bond Hearing expeditiously[.]"[26] Respondent did not respond to the TRO motion. Nyamekye's Section 2241 petition is therefore ripe for disposition.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[27] Because Nyamekye filed the instant petition while he was detained within the jurisdiction of this court, is still currently detained by ICE, and asserts that his continued detention violates due process, this court has jurisdiction over his Section 2241 petition.[28]

## III.   DISCUSSION

At the outset, the Court must determine the basis for Nyamekye's detention. Nyamekye asserts that he is being detained pursuant to 8 U.S.C. § 1231(a),[29] while Respondent maintains that Nyamekye's detention is under 8 U.S.C. § 1226(c).[30] Respondent is correct. Nyamekye's petition for review from the BIA's adverse decision is still pending with the court of appeals. Thus, his removal proceedings

---

26  *See generally* Docs. 16, 17.
27  *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).
28  *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
29  *See* Doc. 1 at 6 (citing 8 U.S.C. § 1231(a)(6)); Doc. 2 at 2 (citing *Zadvydas*, which concerns detention under Section 1231(a)); Doc. 17 at 5.
30  *See* Doc. 10 at 15.

are ongoing with a "definite termination point," so he continues to be detained pursuant to Section 1226(c), not 1231(a).[31]

In *Jennings v. Rodriguez*,[32] the Supreme Court of the United States rejected the premise that 8 U.S.C. § 1226(c) contains an implicit time limit for pre-removal detention.[33] The United States Court of Appeals for the Third Circuit, however, has explained that *Jennings* "did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long."[34] Thus, "even after *Jennings*, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause" by seeking an individualized bond hearing.[35] In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing."[36]

When reviewing as-applied challenges to the constitutionality of continued mandatory detention under Section 1226(c), "[t]he most important factor is the

---

[31] *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 206-07 (3d Cir. 2020) (analyzing petitioner's habeas claim—regarding continued ICE detention—under Section 1226(c) where petitioner had appealed his order of removal to BIA, received adverse decision, and then petitioned for review with Third Circuit); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 472 (3d Cir. 2015) (same), *abrogated in part on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *see also Jennings*, 583 U.S. at 304.
[32] 583 U.S. 281 (2018).
[33] *Jennings*, 583 U.S. at 303-06.
[34] *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018).
[35] *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020).
[36] *Id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011), *abrogated in part on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

duration of detention."[37]  Additionally, the Court must consider the other circumstances of detention, including: (1) "whether the detention is likely to continue"; (2) "the reasons for the delay, such as a detainee's request for continuances"; and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment."[38]  There is no "bright-line" threshold for reasonableness; rather, whether continued detention is reasonable is a "highly fact-specific" inquiry.[39]

At the outset, the Court notes that—at least under the facts of this case—it cannot grant Nyamekye's initial requested relief of immediate release from custody.[40]  Rather, the Court is limited to resolving whether, under the *German Santos* factors, Nyamekye is entitled to an individualized bond hearing to determine if "detention is still necessary to fulfill [Section 1226(c)]'s purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community."[41]  The Court will take each factor in turn.

The first and most important factor is the duration of detention.  Nyamekye argues that his detention has lasted "27 months" and is a "direct violation of [his] due process rights" under the Fifth Amendment.[42]  Nyamekye, however, omits the

---

[37]  *See id.* at 211.
[38]  *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).
[39]  *Id.* at 210 (quoting *Chavez-Alvarez*, 783 F.3d at 474).
[40]  *See id.* ("[W]hen detention becomes unreasonable, the Due Process Clause demands a *hearing*." (emphasis added) (quoting *Diop*, 656 F.3d at 233)).
[41]  *Diop*, 656 F.3d at 231.
[42]  Doc. 16 at 1.

critical fact that, on May 10, 2023, he received an individualized bond hearing before an immigration judge. Thus, his mandatory detention under 1226(c) without the due process protections of a bond hearing has actually spanned less than 12 months.

District courts in this circuit have frequently found that detention under Section 1226(c) for less than, or slightly more than, a year does not amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief.[43] The decisions cited in *Gabriel v. Barr* stand in contrast to cases where detention was approaching, or exceeded, two years in length before receiving an initial bond hearing.[44] Consequently, Nyamekye's duration of detention—less than 12 months since his last bond hearing—does not weigh in favor of relief. This is particularly true in light of the fact that Nyamekye has already received meaningful due process protections during his Section 1226(c) detention.[45]

The next factor that must be considered is whether detention is likely to continue. This factor too weighs against Nyamekye. Although there is no date

---

[43] *See Gabriel v. Barr*, No. 1:20-cv-1054, 2021 WL 268996, at *3 (M.D. Pa. Jan. 27, 2021) (collecting cases).

[44] *See, e.g.*, *German Santos*, 965 F.3d at 212 (two-and-a-half years' detention); *Clarke v. Doll*, No. 3:20-cv-31, 2020 WL 4933696, at *1 (M.D. Pa. Aug. 24, 2020) (20 months); *Chikerema v. Lowe*, No. 1:18-cv-1031, 2019 WL 3891086, (M.D. Pa. Aug. 19, 2019) (over 20 months): *Vega v. Doll*, No. 3:17-cv-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (Mannion, J.) (21 months).

[45] *Cf. Borbot*, 906 F.3d at 276-77, 280 (rejecting claim of petitioner detained under Section 1226(a) that due process required a second individualized bond hearing 12 months after first bond hearing).

certain for a decision, Nyamekye is approaching the end of his removal proceedings, as his appeal in the Fourth Circuit is fully briefed as of October 2023 and awaiting a final determination.[46] Thus, his removal proceedings have "a definite termination point" that is likely to occur later this year, provided that the Fourth Circuit does not reverse or remand.[47]

The reasons for delay provide no support for Nyamekye's petition. There is no evidence that the government has unreasonably delayed the immigration proceedings, nor that Nyamekye is operating in anything other than good faith in his pursuit of relief from removal. Consequently, this factor does not weigh in favor of either party and thus does not advance Nyamekye's as-applied challenge.

The final factor is whether the petitioner's conditions of confinement are "'meaningfully different' from criminal punishment."[48] Respondent provides no evidence or details regarding Nyamekye's current conditions of confinement other than to state that he is "not housed in a cell for twenty-three hours a day" (as opposed to the petitioner in *German Santos*) and is detained in an "immigration detainment facility," not a correctional facility.[49] While those assertions may be true, Respondent does not explain how such detention-center conditions differ

---

[46] *See generally Nyamekye v. Garland*, No. 23-1747 (4th Cir.).
[47] The Court makes no findings with respect to Nyamekye's latest motion to reopen his proceedings at the BIA, which he only briefly discusses in his TRO motion. *See* Doc. 17 at 1.
[48] *German Santos*, 965 F.3d at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478).
[49] *See* Doc. 10 at 23.

9

from those found in a prison setting. Nevertheless, Nyamekye has failed to even mention this factor or discuss his current conditions of confinement at Moshannon Valley Processing Center. Accordingly, this final factor does not cut in favor of either party.

When reviewing the totality of the circumstances, the Court concludes that habeas relief is not warranted. The *German Santos* factors, on whole, do not militate in favor of finding that Nyamekye's continued mandatory detention under Section 1226(c) is unreasonable and thus unconstitutional. In fact, none of the four factors support his claim. Nonetheless, should Nyamekye's Section 1226(c) detention without a bond hearing become prolonged to the point where it does become unreasonable, he may file a new Section 2241 petition in the appropriate court.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Nyamekye's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge